**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**RAJINELL KING,**

        **Plaintiff,**                  **CIVIL ACTION NO. 12-13256**

        vs.                              **DISTRICT JUDGE SEAN F. COX**

**COMMISSIONER OF**              **MAGISTRATE JUDGE MONA K. MAJZOUB**
**SOCIAL SECURITY,**

        **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION:** This Court recommends that Defendant's motion for summary judgment (docket no. 18) be denied and this matter be remanded to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g).

**II.    PROCEDURAL BACKGROUND**

Plaintiff protectively filed applications for a period of disability, disability insurance benefits, and supplemental security income on August 20, 2009, alleging disability beginning November 23, 2008. (TR 88-95). The applications were denied and Plaintiff filed a timely request for a *de novo* hearing. On December 16, 2010 Plaintiff appeared without counsel in Detroit, Michigan and testified at a video hearing held by Administrative Law Judge (ALJ) Rebecca LaRiccia, who presided over the hearing from Chicago, Illinois. (TR 28-44). Vocational Expert (VE) Edward Pagella also appeared and testified at the hearing. In a March 4, 2011 decision the ALJ found that Plaintiff has not been under a disability within the meaning of the Social Security Act from November 23, 2008, the alleged onset of disability date, through March 4, 2011, the date of the

decision, because she remained capable of performing past relevant work as a laborer. The Appeals Council declined to review the ALJ's decision and Plaintiff filed the instant action for judicial review.

## III. PLAINTIFF'S TESTIMONY, MEDICAL EVIDENCE, AND VOCATIONAL EXPERT TESTIMONY

### A. Plaintiff's Testimony

Plaintiff was twenty-seven years old at the time of the administrative hearing. (TR 33). She dropped out of high school in the tenth grade and recently succeeded in earning a GED. (TR 34, 232). Plaintiff has lost custody to her eight children. She lives in a home with her childrens' father. She has worked in temporary general labor positions. She testified that she has not looked for work since November 23, 2008 when her last temporary position ended because she has bad credit, no GED, and depression. (TR 35).

Plaintiff testified that she is depressed, often tired, easily irritated, she has mood swings, she "eats to fill a hole," she is stressed, and she has insomnia. She testified that she has difficulty around authority figures and she does not like to be around people. (TR 39). Plaintiff reported that she has crying spells three times a day brought on by the fact that she has lost custody of her children, which she attributes to accusations of neglect brought on by her depression. Plaintiff states that she is in the process of attempting to regain custody of her youngest child, but admits that her parental rights have been terminated to her first seven children. (TR 36). She reported that she is capable of caring for her youngest child provided she continues to take her depression medication. She states that she takes Zoloft for depression and Trazodone for insomnia, and claims that the Zoloft helps alleviate her depression "half of the month." (TR 38).

Plaintiff testified that she sleeps approximately eleven hours per night. She states that she

watches television, "eats a lot" during the day, and on good days she visits her son or his sister. She does household chores two times per week. She claims that she cannot get out of bed half of the month.

**B.    Medical Evidence**

The undersigned has thoroughly reviewed the medical evidence and will discuss relevant reports contained in the record as necessary in response to the parties' arguments.

**C.    Vocational Expert Testimony**

The Vocational Expert (VE) testified that Plaintiff had past relevant work as an unskilled general laborer performed at a heavy exertional level. (TR 41). The ALJ asked the VE to consider an individual with the same age, education, and work experience as Plaintiff who has no exertional limitations and who can understand, carry out and remember no more than simple, unskilled work tasks with only occasional interaction with coworkers. The VE testified that the individual would be capable of performing Plaintiff's past work.

**IV.    ADMINISTRATIVE LAW JUDGE'S DETERMINATION**

The ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through September 30, 2010. (TR 18). She also found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date of November 23, 2008. (TR 18). The ALJ found that while Plaintiff suffered from the severe impairment of depression, she did not have an impairment or combination of impairments that meets or medically equals a listed impairment. The ALJ determined that Plaintiff retained the residual functional capacity (RFC) to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can understand, remember and carry out unskilled work tasks with occasional interaction with coworkers

and the general public. (TR 20-23). The ALJ concluded that Plaintiff was capable of performing her past relevant work as a laborer. (TR 23-24). Consequently the ALJ concluded that Plaintiff has not been under a disability as defined in the Social Security Act from the alleged onset of disability date through the date of the ALJ's decision.

## V.     LAW AND ANALYSIS

### A.     Standard Of Review

Pursuant to 42 U.S.C. § 405(g), the district court has jurisdiction to review the Commissioner's final decisions. Judicial review under this statute is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner's decision employed the proper legal standards. *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999).

### B.     Framework for Social Security Disability Determinations

Plaintiff's Social Security disability determination was made in accordance with a five step

sequential analysis. In the first four steps, Plaintiff was required to show that:

1. she was not presently engaged in substantial gainful employment; and
2. she suffered from a severe impairment; and
3. the impairment met or was medically equal to a "listed impairment;" or
4. she did not have the residual functional capacity to perform her past relevant work.

20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). If Plaintiff's impairments prevented her from doing her past relevant work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education and past work experience to determine if she could perform other work. If she could not, she would be deemed disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [plaintiff] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health & Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987) (citation omitted). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question if the question accurately portrays the plaintiff's physical and mental impairments. *Id.* (citations omitted).

**C.     Analysis**

Plaintiff submitted for the Court's review mental health records dated after the ALJ's decision. (Docket no. 17). She asserts that the ALJ's "decision was a mistake because [she has] had depression and anxiety disorders since [she] was very young" and she is irritated and agitated most of the time. (Docket no. 16). Defendant argues that the ALJ's disability finding was supported by substantial evidence and contends that Plaintiff's new evidence is not material and does not provide the basis for a sentence six remand.

In cases where, as here, the Appeals Council declines to review the ALJ's decision, judicial review is limited to the evidence that was part of the record before the ALJ. *Wyatt v. Sec'y of Health & Human Servs.,* 974 F.2d 680, 685 (6th Cir. 1992) (citing *Richardson v. Perales*, 402 U.S. at 401). Furthermore, under 20 C.F.R. §§ 404.970(b), 416.1470(b), "[i]f new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision." The "court is confined to review evidence that was available to the Secretary, and to determine whether the decision of the Secretary is supported by substantial evidence." *Wyatt v. Sec'y of Health & Human Servs.,* 974 F.2d at 685 (citation omitted). The court may still remand the case to the ALJ to consider this additional evidence but only upon a showing that the evidence is new and material and "that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *Foster v. Halter,* 279 F.3d 348, 357 (6th Cir. 2001). This is referred to as a "sentence six remand" under 42 U.S.C. § 405(g). *See Delgado v. Comm'r,* 30 Fed. Appx. 542, 549 (6th Cir. 2002). The party seeking remand has the burden of showing that it is warranted. *Sizemore v. Sec'y of Health & Human Servs.,* 865 F.2d 709, 711 (6th Cir. 1988) (citations omitted).

"In order for the claimant to satisfy this burden of proof as to materiality, [she] must demonstrate that there was a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Id.* (citations omitted). Therefore, the Court may not review this evidence except to determine whether the case should be remanded for consideration of the additional evidence. The evidence must be new and material and it must relate to the period on or before the date of the ALJ's hearing decision.

6

The evidence at issue consists of five page court-ordered psychiatric evaluation completed by child and adolescent psychiatrist Dr. Renee Harris in April 2011 for the purpose of assessing Plaintiff's readiness for family reunification. Also presented is a nine page psychological evaluation completed March 25, 2011 by psychologist Dr. LaTanya A. Carter, Ph.D, L.L.P. of the Juvenile Assessment Center. (Docket no. 17). The records show that Dr. Carter conducted a clinical interview of Plaintiff and administered a battery of psychological and intelligence tests. Notably, the record before the ALJ did not contain results from any similar psychological testing. The doctor noted in her report that Plaintiff's depression symptoms may have interfered with her concentration and motivation for testing and with her ability to focus and develop sufficient responses to the questions. She also questioned the validity of certain testing results after indicating that Plaintiff had a "severe tendency to exaggerate her symptoms." (Docket no. 17). Dr. Harris's evaluation of Plaintiff states that Plaintiff demonstrated a "modicum of psychomotor retardation" and opined that Plaintiff appeared to have a Bipolar II disorder presentation as opposed to a simple depressive disorder. Dr. Harris diagnosed Plaintiff with Bipolar II disorder and observed that she may need an adjustment to her medication regimen.

The undersigned finds that Plaintiff had good cause for not submitting the new evidence to the ALJ since she likely had no control over when the court-ordered evaluations took place. The undersigned also finds that the evidence may relate to Plaintiff's condition during the time period covered by the ALJ's decision because they were completed in close proximity to the date of the ALJ's decision. Defendant does not dispute the fact that the evidence is new, that Plaintiff had good cause for failing to submit this evidence in the record before the ALJ, or that the evidence on it's face appears to pertain to the relevant time period . Instead, Defendant argues that the reports are

not material because the assigned GAF scores and the indications of symptoms exaggeration support the ALJ's finding of non-disability.

It is the opinion of this Court that the evidence submitted by Plaintiff is new, material, and related to the period on or before the date of the ALJ's hearing decision. The evidence contains a new diagnosis of Bipolar II disorder that is not found in any other report in the record. It also consists of psychological evaluations that are more detailed and thorough than any other contained in the record. In addition, portions of the reports lend support to Plaintiff's testimony and other evidence of record that shows that Plaintiff may have impairments in her concentration, motivation, and ability to maintain sustained focus.

The ALJ ended her disability analysis after finding that Plaintiff had the residual functional capacity to perform her past work. The Court finds that there is a reasonable probability that the ALJ would have reached a different disposition had she been presented with the new evidence. Plaintiff testified at the administrative hearing without the benefit of counsel. The undersigned suggests that justice will be served if this matter is remanded to the Commissioner for consideration of the new evidence pursuant to sentence six of 42 U.S.C. § 405(g).

**REVIEW OF REPORT AND RECOMMENDATION**:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this

Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: July 30, 2013         s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Rajinell King and Counsel of Record on this date.

Dated: 7/30/13              s/ Lisa C. Bartlett
                            Case Manager

9